Dear Mr. Picard:
Your request for an opinion has been forwarded to me for research and reply. You ask two questions. First, you ask whether the Dual Officeholding statutory provisions governing the simultaneous holding of certain positions in Louisiana would be violated if a fulltime Deputy Marshal ran for and served as a Ward Constable of a Justice of the Peace Court. Second, you ask if it would it be a violation of La.R.S.13:2583(A)(2)(a), [1] for an incumbent constable who is presently seventy-three (73) years of age to qualify to run for the office of constable.
As it relates to your first inquiry, at the outset, we conclude that an individual that holds a full-time appointive office may not simultaneously hold local elective office. See La. Atty. Gen. Op. No. 96-319. This legal conclusion is based upon the dictates of the Dual Officeholding and Dual Employment Laws, which are provided in La.R.S.42:61, et seq. Under La.R.S. 42:63, a person holding an elective office in the government of the state is prohibited from holding full-time employment in the government of this state or in a political subdivision of the state. Specifically, La.R.S. 42:63 provides in pertinent part that:
 C. No person holding an elective office in the government of this state shall at the same time hold another elective office, a full-time appointive office, or employment in the government of this state or in the government of a political subdivision thereof. *Page 2 
 D. No person holding an elective office in a political subdivision of this state shall at the same time hold another elective office or full-time appointive office in the government of this state or in the government of a political subdivision thereof. No such person shall hold at the same time employment in the government of this state, or in the same political subdivision in which he holds as elective office. In addition no sheriff, assessor, or clerk of court shall hold any office or employment under a parish governing authority or school board, nor shall any member of any parish governing authority or school board hold any office or employment with any sheriff, assessor or clerk of court.
(Emphasis added.)
The position of Deputy Marshal is an appointed office pursuant to La.R.S. 13:881, and the position of constable constitutes an elected office pursuant to La.R.S. 13:18789. Therefore, it would be a violation of the Dual Officeholding and Dual Employment Laws for an appointed fulltime Deputy Marshal to serve as an elected Ward Constable of a Justice of the Peace Court. Of note, the prohibition outlined above extends only to the holding of a full-time appointed office; should the Deputy Marshal be part-time, the prohibition would be inapplicable. See La. Atty. Gen. Op. No. 96-319 and 95-271.
As it relates to your second inquiry, La.R.S. 13:2583(A) governs "constables, election, term of office, and qualifications" and provides in pertinent part that:
 (2)(a) Beginning in the year 2008, to qualify to run for the office of constable, a person shall not have attained the age of seventy years by the date of qualification to run for office. A constable who attains seventy years of age while serving a term of office shall be allowed to complete that term of office.
 (b.) The provisions of Subparagraph (a) of the Paragraph shall not apply to those constables who are serving as a constable or elected to the office of constable on or before August 15, 2006.
A clear reading of La.R.S. 13:2583(A) provides that, generally, a person who attains the age of seventy (70) years by the date of qualification to run for office would not qualify to run for the office of constable. However, La.R.S. 13:2583(A)(2)(b) recognizes an exception to La.R.S.13:2583(A)(2)(a) for those *Page 3 
individuals serving as a constable or who were elected to the office of constable on or before August 15, 2006. The facts that you provided to our office do not specify whether or not the incumbent served as constable or was elected to the office of constable on or before August 15, 2006. Assuming that the incumbent had served as constable or was elected to the office of constable on or before August 15, 2006, La.R.S. 13:2583(A)(2)(a) would not be applicable to the incumbent, and the incumbent could potentially qualify to run for a new term.
We hope that this information sufficiently answers your inquiry. If we can be of further assistance, please do not hesitate to contact us.
 With Best Regards,
 JAMES D. "BUDDY" CALDWELL
 ATTORNEY GENERAL
 By: _____________________
 Angelique Duhon Freel
 Assistant Attorney General
 JDC:ADF
[1] You cite to La.R.S. 13:2583 (2)9a in your opinion request. However, there is no such statutory provision. We assume you are referring to La.R.S. 13:2583(A)(2)(a), and our analysis for purposes of this opinion is done using La.R.S. 13:2583(A)(2)(a).